# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC.,<br><br>       Plaintiff,<br><br>       v.<br><br>GAWKER MEDIA LLC, d/b/a JEZEBEL.COM,<br><br>       Defendant. | Case No.: |

## COMPLAINT AND JURY DEMAND

Plaintiff Michael Grecco Productions, Inc. ("Plaintiff"), by its undersigned attorneys, Duane Morris LLP, for its Complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1.    This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1) and 501.  Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

### PARTIES

2.    Plaintiff Michael Grecco Productions, Inc. is a photography studio and business owned and operated by photographer Michael Grecco.  Plaintiff is the successor by corporate name change to Michael Grecco Photography, Inc.  Plaintiff is incorporated in California and has a principal place of business located at 1701 Pier Avenue, Santa Monica, California.

3.    Defendant Gawker Media LLC, d/b/a Jezebel.com ("Defendant") is a limited liability company formed under the laws of the State of Delaware.  Defendant's registered agent, Business Filings Incorporated, is located at 108 West 13th Street, Wilmington, DE 19801.  On

information and belief, Defendant's principal place of business is located at 210 Elizabeth St Floor 4, New York, New York, 10012.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338)(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper because Defendant is a Delaware entity. In addition, Defendant conducts business in this District and has committed torts in this State, including without limitation, Defendant's copyright infringement, which causes harm in this State and in this District.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A. <u>Plaintiffs' Business</u>

7. Michael Grecco, principal and owner of Michael Grecco Productions, Inc., is an award winning commercial photographer and film director. The Plaintiff is noted for its iconic celebrity portraits, innovative magazine covers, editorial images and advertising spreads for numerous Fortune 500 companies and some of the widely recognized media and entertainment organizations in the world.

8. Among the many stylized and valuable photographs of celebrities taken by the Plaintiff is a stylized and popular photographic image of Diablo and Kitten (the "Copyrighted

Work"). Plaintiff is the exclusive owner of the copyrights in and to the Copyrighted Work. Attached hereto as Exhibit A is a copy of the Copyrighted Work.

9. Plaintiff has obtained the following registration with the United States Copyright Office for the Copyright Work (along with other photographic images), identified as "Grecco Photography 1/1/06 to 2/3/06": VAu 692-221. Attached hereto as Exhibit B is a copy of the registration with the United States Copyright Office of the Copyrighted Work.

10. Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Work.

B. Defendant's Unlawful Activities

11. Upon information and belief, Defendant owns and operates the website located at the URL http://www.jezebel.com/, where it displays, among other things, media images and advertising.

12. In 2014, Plaintiff discovered instances in which Defendant was infringing Plaintiff's exclusive copyrights in the Copyrighted Work by reproducing, distributing, and publicly displaying the Copyrighted Work at websites located at the following URLs:

- http://jezebel.com/319241/handicapped-porno-offensive-or-inclusive
- http://i.kinja-img.com/gawker-media/image/upload/s--rDZa6XAD--/17mpsjxpkejhqjpg.jpg

13. Defendant's reproduction, distribution, and public display of the Copyrighted Work is without Plaintiff's permission. Example screenshots demonstrating Defendant's unauthorized reproductions, distributions and public displays ("Infringing Works") are attached hereto as Exhibit C.

## CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq*.)

14. Plaintiff realleges paragraphs 1 through 13 above and incorporates them by reference as if fully set forth herein.

15. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Plaintiff jointly and exclusively owns all rights, title and interest in and to the copyrights in the Copyrighted Work.

16. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of the Infringing Works.

17. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501 *et seq*., by reproducing, distributing and publicly displaying the Infringing Works.

18. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of the Plaintiff.

19. As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each Copyrighted Work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, and at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on Plaintiff's lost profits and the disgorgement of Defendant's profits in connection with its infringements of Plaintiff's exclusive rights in the Copyrighted Work, which amounts will be proven at trial.

20.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

21.     Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiffs, unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

WHEREFORE, Plaintiff demands judgment as follows:

1.     A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2.     A declaration that such infringement is willful;

3.     An accounting of all revenues earned by Defendant as a result of its reproduction and display of the Copyrighted Work, or any portion of the Copyrighted Work;

4.     An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the jury or Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the jury or Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each Copyrighted Work infringed;

5.     An award of such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

6.     An award of Plaintiff's costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7.     An award of Plaintiff's interest, including pre-judgment interest, on the foregoing sums;

8. A permanent injunction enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiffs' Copyrighted Work or to participate or assist in any such activity; and

9. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: January 28, 2016

Respectfully submitted,

DUANE MORRIS LLP

/s/ *Oderah C. Nwaeze*
Oderah C. Nwaeze (#5697)
222 Delaware Avenue, Suite 1600
Wilmington, Delaware 19801
(302) 657-4900
Fax: (302) 657-4901
onwaeze@duanemorris.com

Steven M. Cowley (*Pro Hac Vice to be submitted*)
100 High Street, Suite 2400
Boston, MA 02110-1724
Tel: (857) 488-4261
Fax: (857) 401-3090
SWCowley@duanemorris.com

*Counsel for Plaintiff Michael Grecco Productions, Inc.*